UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DENNIS RICHARD WATTERS,<br><br>　　　　　　　　　Petitioner,<br><br>　　v.<br><br>RON HAYNES,<br><br>　　　　　　　　　Respondent. | CASE NO. 17-CV-00036-LK<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge S. Kate Vaughan, Dkt. No. 27, and *pro se* Petitioner Dennis Richard Watters' objections thereto, Dkt. No. 31. Having reviewed these documents and the remaining record, the Court adopts the Report and Recommendation and dismisses Mr. Watters' habeas petition with prejudice.

## I. BACKGROUND

In October 2013, a Snohomish County jury convicted Mr. Watters of first-degree murder and two counts of first-degree assault. *See* Dkt. No. 27 at 2–4; Dkt. No. 31 at 27. The superior court imposed consecutive sentences totaling over 58 years in prison. Dkt. No. 31 at 29. For the

ORDER ADOPTING REPORT AND RECOMMENDATION - 1

better part of a decade, Mr. Watters appealed his convictions and sentences in state court. *See* Dkt. No. 27 at 4–6 (detailing procedural history of state review). Although he filed his initial Section 2254 habeas petition in December 2016,[1] the Court stayed federal proceedings pending the completion of state collateral review. Dkt. No. 12; Dkt. No. 27 at 6; *see Rhines v. Weber*, 544 U.S. 269 (2005). The Court lifted the stay once the state process ran its course in December 2021. Dkt. No. 27 at 6–7.

Mr. Watters' amended petition raises the following claim for relief: "[i]nsufficient counsel, [l]eading witnesses, [l]ies all of prosecutor[']s witnesses, [l]ies from detectives[.]" Dkt. No. 6 at 5. As for supporting facts, he states the following:

> In charging me with murder 1st degree, and taking off the manslaughter 1st degree was a double jeopardy clause, all the lies from state wittnesses, I sent you pages and pages of lies from, Detective [B]iledve, and Detective Dunn, my lawyers not following up on wittnesses that Detective Dunn and [B]iledve doing not one not 2 not 3 not 4 [b]ecause each interview was lies upon lies[.]

*Id*. Mr. Watters also attached several exhibits to his petition. These consist of case summaries; synopses and commentary on allegedly inadmissible, false, or inconsistent trial testimony; copies of documents already filed in this case; and emailed docket receipts from this case. *See* Dkt. Nos. 6-1–6-6. Following a detailed review of the record, Judge Vaughan concluded that Mr. Watters failed to exhaust his ineffective assistance of counsel claim in state court and that it is now procedurally defaulted. Dkt. No. 27 at 8–11; *see Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Nor did he establish the cause and prejudice necessary to excuse the procedural default. Dkt. No. 27 at 11–12; *see Shinn v. Ramirez*, 142 S. Ct. 1718, 1727–28 (2022).[2] Judge Vaughan thus found an evidentiary hearing unnecessary and recommended denying a certificate of appealability. Dkt. No.

---

[1] Mr. Watters filed his amended petition in February 2017. Dkt. No. 6.

[2] Judge Vaughan also recommended dismissing any double jeopardy claim for failure to meet the pleading standards of Habeas Corpus Rule 2(c), which requires a petitioner to "specify all the grounds for relief available to the petitioner," "state the facts supporting each ground," and "state the relief requested[.]" *See* Dkt. No. 27 at 13; *Mayle v. Felix*, 545 U.S. 644, 655 (2005) (Habeas Rule 2(c) "is more demanding" than Federal Rule of Civil Procedure 8(a)).

ORDER ADOPTING REPORT AND RECOMMENDATION - 2

27 at 13–14; *see Schriro v. Landrigan*, 550 U.S. 465, 474 (2007); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

## II.   DISCUSSION

The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) (the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). As the statute and rule suggest, the Court reviews findings and recommendations "*if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

### A.   Mr. Watters' Objections are Untimely

Mr. Watters moved the Court for an extension of time to file objections after the 21-day deadline set by Judge Vaughan passed. Dkt. No. 28 at 1; *see* Dkt. No. 27 at 14 ("Failure to file objections within the specified time may affect your right to appeal."). The Court nonetheless granted the motion and ordered Mr. Watters to file his objections no later than August 29, 2022. Dkt. No. 29 at 1. However, Mr. Watters again missed the deadline and filed his objections on September 2, 2022, stating that he "ha[d] been trying to get th[em] e-filed [in] the district court since the 29th [but] . . . had difficulties because [the] library ha[d] been closed or the library staff ha[d] not been there[.]" Dkt. No. 31 at 1. Courts in this district typically strike untimely objections even when the infracting party is a *pro se* litigant. *Zayas v. Dep't of Children Youth & Families*, No. C20-0981-JLR-TLF, 2021 WL 4126624, at 1 (W.D. Wash. Sept. 8, 2021); *see also, e.g.*, *Norling v. Uttecht*, No. C19-5697-BHS, 2020 WL 42418, at *1 (W.D. Wash. Jan. 3, 2020) (petitioner's untimely objections constituted waiver); *Hausken v. Lewis*, No. C12-5882-BHS-JRC, 2014 WL 1912058, at *2 (W.D. Wash. May 12, 2014) (same).

### B. Mr. Watters' Objections are Meritless

Even so, Mr. Watters' objections are a compilation of miscellaneous state court filings, excerpts of police interview transcripts, and line-by-line commentary on trial transcripts similar to or duplicative of the exhibits he submitted with his habeas petition—all unaccompanied by explanation or supporting legal argument. Dkt. No. 31 at 2–129; *see also* Dkt. No. 28 at 2–60. Re-submission of state court records and unexplained, contextless critiques of transcript excerpts do not amount to proper objections. Mr. Watters does not articulate a proper objection or specify the portion or portions of Judge Vaughan's Report and Recommendation that he seeks to challenge. The Court is not required to apply de novo review "when a party fails to direct [it] to a specific error in the proposed findings and recommendations," and "[a] mere recitation or summary of arguments previously presented is not an 'objection' . . . since a valid 'objection' must put the district court on notice of potential errors in the magistrate judge's report and recommendation." *Milam v. Dep't of Corr.*, No. C20-0689-JCC, 2021 WL 1311230, at *1 (W.D. Wash. Apr. 8, 2021). And nowhere does Mr. Watters address Judge Vaughan's bases for dismissal, i.e., exhaustion and procedural default. *See Estrella v. Arend*, No. C21-5835-BHS, 2022 WL 670899, at *1 (W.D. Wash. Mar. 7, 2022) ("Estrella's objections do not address the bases for the R&R, and they do not require or warrant a different outcome."). The Court has thoroughly examined the record and finds no error in Judge Vaughan's recommendation.

### III.   CONCLUSION

The Court therefore ADOPTS Judge Vaughan's Report and Recommendation, Dkt. No. 27, and DISMISSES with prejudice Mr. Watters' amended habeas petition, Dkt. No. 6, without an evidentiary hearing. The Court further DENIES a certificate of appealability. The Clerk is directed to send uncertified copies of this Order to Mr. Watters at his last known address.

Dated this 11th day of October, 2022.

*Lauren King*

Lauren King
United States District Judge